UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNIVERSITY NEUROSURGICAL ASSOCIATES, P.C., D/B/A PREMIER IMAGING, D/B/A UNIVERSITY NEUROLOGICAL  SURGEONS, D/B/A SOR II, D/B/A SPINAL AND ORTHOPEDIC REHABILITATION II, D/B/A MICHIGAN HEAD & SPINE INSTITUTE<br><br>           Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>           Defendant. | Civil Action No. 5:14-cv-10719<br><br>Hon. Judith E. Levy<br><br><br>DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES |

## ANSWER

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") hereby answers the First Amended Complaint ("FAC") of Plaintiffs University Neurosurgical Associates, P.C. D/B/A Premier Imaging, D/B/A University Neurosurgical Surgeons, D/B/A SOR II, D/B/A Spinal and Orthopedic Rehabilitation II, D/B/A Michigan Head & Spine Institute (together "Plaintiffs") by admitting, denying and alleging as follows:

SMRH:426124163.1

-1-

# I.     INTRODUCTION AND BACKGROUND:

1.     In response to paragraph 1, State Farm denies all of the allegations contained therein.

2.     In response to paragraph 2, State Farm denies all of the allegations contained therein.

3.     In response to paragraph 3, State Farm admits it issued automobile policies to some of Plaintiffs' patients, but otherwise denies the allegations contained therein.

4.     In response to paragraph 4, State Farm responds that Plaintiffs' allegations are legal conclusions for which no response is required.

5.     In response to paragraph 5, State Farm responds that Plaintiffs' allegations are legal conclusions for which no response is required.

6.     In response to paragraph 6, State Farm admits that Plaintiffs submitted requests for payment to State Farm, but otherwise denies the allegations contained therein.  State Farm also specifically denies that Exhibit 1 to the FAC contains Plaintiffs' "usual and customary" charges or accurately depicts Plaintiff's requests for payment from State Farm or State Farm's payments towards the same.

7.     In response to paragraph 7, State Farm admits that it has received requests for payment from Plaintiffs, but otherwise denies the allegations contained

therein.  State Farm also specifically denies that Exhibit 1 to the FAC accurately depicts Plaintiff's requests for payment from State Farm or State Farm's payments towards the same.

8.    In response to paragraph 8, State Farm admits that it has made payments to Plaintiffs, but otherwise denies the allegations contained therein.

9.    In response to paragraph 9, State Farm responds that Plaintiffs' allegations are legal conclusions for which no response is required.  To the extent a response is required, State Farm denies the allegations contained therein.

## II. THE PARTIES:

### A.    Plaintiff

10.    In response to paragraph 10, State Farm responds that it lacks sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis denies all of the allegations contained therein.

11.    In response to paragraph 11, State Farm responds that it lacks sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis denies all of the allegations contained therein.

12.    In response to paragraph 12, State Farm responds that it lacks sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis denies all of the allegations contained therein.

**B.     Defendant**

13.     In response to paragraph 13, State Farm admits all of the allegations contained therein.

14.     In response to paragraph 14, State Farm admits all of the allegations contained therein.

15.     In response to paragraph 15, State Farm admits all of the allegations contained therein.

## III.     <u>JURISDICTION AND VENUE</u>

16.   In response to paragraph 16, State Farm admits all of the allegations contained therein.

17.   In response to paragraph 17, State Farm admits all of the allegations contained therein.

18.   In response to paragraph 18, State Farm admits all of the allegations contained therein.

19.   In response to paragraph 19, State Farm admits all of the allegations contained therein.

20.   In response to paragraph 20, State Farm admits that venue is proper in this Court but otherwise denies the allegations contained therein.

## IV.    <u>MICHIGAN'S NO-FAULT ACT:</u>

21.    In response to paragraph 21, State Farm repeats each and every allegation, admission and denial contained in paragraphs 1 through 20, and incorporates same by reference as though fully set forth herein.

22.    In response to paragraph 22, State Farm admits that it made payments to Plaintiffs for covered services provided to its insureds pursuant to applicable automobile policies and Michigan law.  State Farm otherwise denies the allegations contained therein.

23.    In response to paragraph 23, State Farm responds that Plaintiffs' allegations are legal conclusions for which no response is required.  To the extent a response is required, State Farm denies the allegations contained therein.

24.    In response to paragraph 24, State Farm responds that Plaintiffs' allegations are legal conclusions for which no response is required.  To the extent a response is required, State Farm denies the allegations contained therein.

25.    In response to paragraph 25, State Farm admits that it issued automobile policies to some of Plaintiff's patients, but otherwise denies the allegations contained therein.

26.    In response to paragraph 26, State Farm denies all of the allegations contained therein.

27.   In response to paragraph 27, State Farm denies all of the allegations contained therein.

28.   In response to paragraph 28, State Farm admits that Mitchell International, Inc. ("Mitchell") is an outside bill review vendor that reviews and recommends adjustments to bills for medical services rendered to State Farm insureds submitted to Mitchell by State Farm.   State Farm further admits that Mitchell's review process involves Mitchell's Decision Point software.   From July of 2008 through May of 2011, Mitchell's review of bills submitted by State Farm under Michigan automobile policies also involved use of software owned by Ingenix.   From June 1, 2011 to the present, Mitchell's review of bills submitted by State Farm under Michigan automobile policies involved use of software owned by FAIR Health, Inc.   State Farm otherwise denies the allegations contained therein.

29.   In response to paragraph 29, State Farm admits that it entered a written agreement with Mitchell pursuant to which Mitchell agreed to, among other things, review bills for medical services submitted by State Farm using Mitchell's Decision Point software.   State Farm otherwise denies the allegations contained therein.

30.   In response to paragraph 30, State Farm admits that, from July of 2008 through May of 2011, Mitchell's review of bills submitted by State Farm under Michigan automobile policies also involved use of software owned by Ingenix. From June 1, 2011 to the present, Mitchell's review of bills submitted by State

Farm under Michigan automobile policies involved use of software owned by FAIR Health, Inc.  State Farm otherwise denies the allegations contained therein.

31.       In response to paragraph 31, State Farm admits that, from July of 2008 through May of 2011, Mitchell's review of bills submitted by State Farm under Michigan automobile policies involved use of software owned by Ingenix. State Farm otherwise denies the allegations contained therein.

32.       In response to paragraph 32, State Farm responds that it lacks sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis denies all of the allegations contained therein.

33.       In response to paragraph 33, State Farm responds that it lacks sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis denies all of the allegations contained therein.

34.       In response to paragraph 34, State Farm responds that it lacks sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis denies all of the allegations contained therein.

35.     In response to paragraph 35, State Farm admits that, from July of 2008 through May of 2011, Mitchell's review of bills submitted by State Farm under Michigan automobile policies involved use of software owned by Ingenix.  State Farm otherwise denies the allegations contained therein.

36.     In response to paragraph 36, State Farm denies all of the allegations contained therein and specifically denies the accuracy of the allegations and data in Exhibit 2.

37.   In response to paragraph 37, State Farm admits that, from June 1, 2011 to the present, Mitchell's review of bills submitted by State Farm under Michigan automobile policies involved use of software owned by FAIR Health, Inc.  State Farm otherwise denies the allegations contained therein.

38.     In response to paragraph 38, State Farm admits that, from June 1, 2011 to the present, Mitchell's review of bills submitted by State Farm under Michigan automobile policies involved use of software owned by FAIR Health, Inc.  State Farm otherwise denies the allegations contained therein.

39.      In response to paragraph 39, State Farm admits that it relies upon Mitchell and FAIR Health Inc. to utilize accurate data in compliance with Michigan law in their review process.   State Farm otherwise denies all of the allegations contained therein.

40.      In response to paragraph 40, State Farm responds that Plaintiffs' allegations are legal conclusions for which no response is required.  To the extent a response is required, State Farm denies all of the allegations contained therein.

41.     In response to paragraph 41, State Farm denies all of the allegations contained therein, including the statements and allegations in Exhibit 3.

42.     In response to paragraph 42, State Farm responds that Plaintiffs' allegations are legal conclusions for which no response is required.  To the extent a response is required, State Farm denies all of the allegations contained therein.

43.     In response to paragraph 43, State Farm responds that Plaintiffs' allegations are legal conclusions for which no response is required.  To the extent a response is required, State Farm denies all of the allegations contained therein.

44.     In response to paragraph 44, State Farm responds that Plaintiff's allegations are legal conclusions for which no response is required.  To the extent a response is required, State Farm denies all of the allegations contained therein.

45.     In response to paragraph 45, State Farm denies all of the allegations contained therein.

46.     In response to paragraph 46, State Farm denies all of the allegations contained therein.

47.     In response to paragraph 47, State Farm denies all of the allegations contained therein.

48.     In response to paragraph 48, State Farm denies all of the allegations contained therein.

49.   In response to paragraph 49, State Farm denies all of the allegations contained therein.

50.      In response to paragraph 50, State Farm responds that Plaintiffs' allegations are legal conclusions for which no response is required.  To the extent a response is required, State Farm denies all of the allegations contained therein.

51.      In response to paragraph 51, State Farm responds that Plaintiffs' allegations are legal conclusions for which no response is required.  To the extent a response is required, State Farm denies all of the allegations contained therein.

52.      In response to paragraph 52, State Farm denies all of the allegations contained therein.

53.   In response to paragraph 53, State Farm denies all of the allegations contained therein.

54.   In response to paragraph 54, State Farm denies all of the allegations contained therein.

55.   In response to paragraph 55, State Farm denies all of the allegations contained therein.

56.   In response to paragraph 56, State Farm denies all of the allegations contained therein.

## V.   **PRAYER FOR RELIEF**

In response to Plaintiffs' "Prayer for Relief", State Farm denies all of Plaintiffs' allegations in that section and specifically denies that Plaintiffs are entitled to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

By asserting these affirmative defenses, State Farm does not concede that it has the burden of proof as to any defense asserted below.  State Farm does not presently know all of the facts concerning the conduct of Plaintiffs sufficient to state all defenses at this time.  State Farm will seek leave to amend this Answer should it later discover facts demonstrating the existence of additional defenses.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State A Claim)**

57.   The FAC and each and every purported claim therein fails to allege facts sufficient to state a claim against State Farm.

**SECOND AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

58.   The FAC and each and every purported claim therein is barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**
**(Exhaustion of Policy Limits)**

59.   State Farm has no duty to pay to the extent that the applicable limits of insurance under the applicable policies have been exhausted.

**FOURTH AFFIRMATIVE DEFENSE**
**(Waiver, Estoppel and/or Laches)**

60.   State Farm is informed and believes and on that basis alleges that the doctrines of waiver, estoppel and/or laches bar Plaintiffs' claims.

## FIFTH AFFIRMATIVE DEFENSE
### (Policy Exclusion)

61.   State Farm is informed and believes and on that basis alleges that Plaintiffs' claims and rights, if any, against State Farm are barred to the extent that the events, claims and/or allegations in the FAC fall within the scope of any exclusion of relevant policies allegedly issued by State Farm.

## SIXTH AFFIRMATIVE DEFENSE
### (Policy Terms)

62.   State Farm's relevant policies include definitions, exclusions, conditions, limitations, endorsements and provisions that bar Plaintiffs from any recovery in this suit.

## SEVENTH AFFIRMATIVE DEFENSE
### (Other Insurance)

63.   The FAC and each and every purported claim therein is barred and/or limited to the extent that coverage is available under other policies of insurance.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

64.   The FAC and each and every purported claim therein is barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Release)

65.   The FAC and each and every purported claim therein is barred by the doctrine of release.

## NINTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Further Defenses)

66.   The FAC and each and every purported claim therein fails to describe claims against State Farm with sufficient particularity to enable State Farm to determine all of the defenses it currently has to Plaintiffs' purported claims. Accordingly, State Farm reserves the right to assert any additional defenses which may be applicable to the FAC once the precise nature of the claims made against State Farm or the policies issued by State Farm are determined.

## STATE FARM'S PRAYER FOR RELIEF

WHEREFORE, State Farm prays for judgment as follows:

1.   That Plaintiffs take nothing by their FAC;

2.   For their costs of suit herein; and

3.   For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By:  s/David D. O'Brien
      David D. O'Brien (P65532)
      101 N. Main, Seventh Floor
      Ann Arbor, MI  48104
      (734) 668-7761
      obrien@millercanfield.com
      Co-C*ounsel for Defendant State Farm*
      *Mutual Automobile Insurance Company*

June 30, 2014

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 30, 2014, I presented the foregoing to the Clerk of the Court for filing and uploading to the ECF system which will send notification of such filing to all attorneys of record.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By:  s/David D. O'Brien
      David D. O'Brien (P65532)
      101 N. Main, Seventh Floor
      Ann Arbor, MI  48104
      (734) 668-7761
      obrien@millercanfield.com
      Co-C*ounsel for Defendant State Farm*
      *Mutual Automobile Insurance Company*

22475906.1\088888-02778