UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNIVERSITY NEUROSURGICAL ASSOCIATES, P.C., D/B/A PREMIER IMAGING, D/B/A UNIVERSITY NEUROLOGICAL SURGEONS, D/B/A SOR II, D/B/A SPINAL AND ORTHOPEDIC REHABILITATION II, D/B/A MICHIGAN HEAD & SPINE INSTITUTE<br><br>        Plaintiff,<br><br>  v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>        Defendant. | Civil Action No. 5:14-cv-10719<br><br>Hon. Judith E. Levy<br><br>DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S INITIAL WITNESS LIST. |

# STATE FARM'S FIRST INITIAL WITNESS LIST – F.R.C.P. 26

Comes now the Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), and, pursuant to the Court's Scheduling Order, for its Initial Witness List under Federal Rule of Civil Procedure 26, respectfully states as follows:

This Initial Witness List includes information gathered from State Farm's investigation and knowledge to date. The parties are in the initial stages of discovery. Investigation and discovery may bring to light additional information which may have further bearing on State Farm's defenses. Accordingly, this Initial Witness List, is subject to supplementation, amendment, change and amplification. If any part of this statement is ever read to a jury, fairness requires that the jury be read this preliminary statement and/or told that the case was in the preliminary stages of discovery, and that State Farm has not had the opportunity to complete the discovery process prior to serving this statement.

**Names and, if Known, Addresses & Telephone Numbers of any Witness who may have Knowledge of Discoverable Information that State Farm may use to Support its Claims and Defenses with Identification of the Subjects of that Information:**

      1.    Attorneys for University Neurosurgical Associates, P.C. D/B/A Premier Imaging, D/B/A University Neurosurgical Surgeons, D/B/A SOR II, D/B/A Spinal and Orthopedic Rehabilitation II, D/B/A Michigan Head & Spine Institute (together "Plaintiff"): Plaintiff's attorneys at Miller & Tischler, P.C. are

believed to have information regarding: (1) various tolling agreements between the parties; (2) settlements and releases between the parties; (3) bills submitted by Plaintiff to and payments requested by Plaintiff from State Farm.

2. Representatives of State Farm: Current and/or former agents and/or representatives of State Farm are believed to have knowledge regarding: (1) the handling of Plaintiff's bills; (2) communications with Plaintiff and its agents and any other individuals representing it or its interests; (3) communications with any other individuals or entities involved in any aspect of Plaintiff's bills; (4) documents received or generated in connection with Plaintiff's bills and claims; (5) payments requested and/or made for treatment rendered to State Farm's insureds; (6) State Farm's bill review and audit processes; and (7) the reasonableness and customariness of Plaintiff's charges.

State Farm representatives may also have knowledge of contracts or agreements with Mitchell Medical aka Mitchell International, Inc. ("Mitchell") or any of its respective affiliates or subsidiaries and/or Ingenix/OptumInisght.

State Farm representatives may additionally have knowledge regarding medical payments coverage generally, medical provider payments and payment codes, and State Farm's bill review process which ultimately determined (a) that Plaintiff's charges were either not reasonable or customary or both; and (b) the appropriate reduction to apply to Plaintiff's billed charges.

Any attempts to contact State Farm representatives must be made through counsel undersigned.

State Farm representatives who may have knowledge of the above as they relate to Plaintiff's claims and allegations may include, but are not necessarily limited to, the following:

    a.    Tom Collins

    b.    Any other witness identified by State Farm in response to a Rule 30(b)(6) deposition notice.

State Farm personnel involved in the handling and review of each bill and claim at issue in this case may also have knowledge about the topics described above.

    3.    Other individuals with relevant knowledge who are referenced or identified in State Farm's files pertaining to Plaintiff bills and claims at issue in this case.

    4.    Plaintiff's employees and agent may have knowledge regarding: (1) treatment rendered to State Farm's insureds; (2) billing for the same; (3) how Plaintiff determines its charges, including, without limitation, Plaintiff's costs and profits; (4) Plaintiff's coding and billing practices; (4) payments requested, made or received for the same; (4) amounts Plaintiff billed to and accepted from other payors; and (5) the reasonableness and customariness of Plaintiff's charges

5. Representative(s) to be identified from Mitchell who may have knowledge regarding any contracts, agreements, addenda, renewals, databases or other documents relating to any agreements with State Farm. Such representatives may also have knowledge regarding the bill review process, including databases used to determine whether Plaintiff's charges at issue in this case were reasonable and/or customary and the appropriate amount to pay for Plaintiff's services.

6. Representative(s) to be identified from Ingenix/OptumInisght who may have knowledge regarding databases that have been or may be used to determine whether Plaintiff's charges at issue in this case were reasonable and/or customary and the appropriate amount to pay for Plaintiff's services.

7. Representative(s) to be identified from FAIR Health, Inc. who may have knowledge regarding databases that have been or may be used to determine whether Plaintiff's charges at issue in this case were reasonable and/or customary and the appropriate amount to pay for Plaintiff's services.

8. Any individuals whose names appear in documents disclosed and/or attached hereto and/or in any supplements to this Initial Disclosure Statement, and whose names appear in any documents disclosed or produced by any party to this matter.

9. Any and all individuals with knowledge of any allegations raised in Plaintiff's First Amended Complaint.

10. Any and all Custodians of Record necessary to lay appropriate foundation for relevant documents.

10. Any and all individuals listed by any other party to this action.

11. Any and all individuals identified in any pleadings, Disclosure Statements, Written Discovery Responses, Affidavits, Deposition Transcripts, Witness Lists and all attachments, exhibits and/or supplements thereto, filed, produced, prepared or provided by any party or third party in this matter.

State Farm reserves the right to supplement this list.

Respectfully submitted,

By: /s David D. O'Brien
Thomas W. Cranmer (P25252)
David D. O'Brien (P65532)
Miller Canfield Paddock & Stone, PLC
840 West Long Lake Road, Suite 200
Troy, Michigan 48098
Telephone: (248) 879-2000
obrien@millercanfield.com
*Co-counsel for Defendant State Farm Mutual Automobile Insurance Company*

Date: January 20, 2015

# CERTIFICATE OF SERVICE

    I hereby certify that on January 20, 2015, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel of record registered to receive electronic service.


By:   /s David D. O'Brien
        David D. O'Brien


22475906.1\088888-02778