# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

University Neurological
Associates, P.C., d/b/a Premier
Imaging, *et al.*,

                Plaintiffs,

v.

State Farm Mutual Automobile
Insurance Company,

                Defendant.

_____/

Case No. 14-cv-10719
Hon. Judith E. Levy
Mag. Judge Mona K. Majzoub

## **STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED that the Court may enter the following Stipulated Confidentiality and Protective Order governing documents produced and deposition testimony provided in this action. Pursuant to the Court's authority under Rule 26(c) of the Federal Rules of Civil Procedure, the parties agree as follows:

1. ***Applicability of This Protective Order.*** This Protective Order shall govern all documents and information produced by any party and/or any third party during discovery in this action and either

initially or subsequently designated as Confidential Material as defined in paragraph 2 below and pursuant to the terms of this Protective Order. This Protective Order does not apply to documents and information obtained by means other than through discovery in this action, including, but not limited to, documents that are in the public domain.

2. *Use of Confidential Material Produced Pursuant to This Protective Order.* Documents produced or exchanged in discovery in this case and designated by a party or third party as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective Order (hereafter collectively referred to as "Confidential Material") shall not be made available to any person or entity except as authorized under this Protective Order. CONFIDENTIAL ATTORNEYS' EYES ONLY documents shall be used solely for the purpose of litigating this case, including any appeal, and shall not be used or disclosed to any other person or entity for any other use or purpose, unless otherwise agreed to in writing by the Designating Party (hereinafter defined) or so ordered by a court. For purposes of this Protective Order, the party or third party designating

documents as Confidential Material is defined as the "Designating Party." Nothing contained in this Protective Order shall affect the right of a Designating Party to disclose or use his/her/its own Confidential Material for any purpose.

3. *Confidential Information Designation.* A Designating Party may designate as "CONFIDENTIAL" any document or information that he/she/it produces in discovery or that he/she/it files with the Court in this action containing confidential, proprietary or trade secret information. A Designating Party may designate as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" any document containing private, confidential, proprietary and/or trade secret information that is so sensitive that disclosure of such documents to employees of other parties who are not attorneys involved in the conduct of this litigation could negatively impact the business or competitiveness of the Designating Party. The designation of any document as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be made in good faith and (1) not to impose burden or delay on an opposing party, or (2) not for any tactical or other advantage in litigation. Further, each party shall avoid, as much as

possible, the inclusion of Confidential Material in briefs and other captioned documents filed in court, in order to minimize potential sealing and designating as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" any such documents.

4. *Designating and Marking Confidential Material by a Producing Party.* Confidential Material shall be designated and marked as follows:

a. A document shall be designated as Confidential Material by stamping or writing on it the following legend: "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." The legend shall be placed on the first page of the document and on each page that the Designating Party claims to contain Confidential Material.

b. Information or material produced in an electronic medium (such as floppy diskette, CD, DVD or tape) shall be designated as Confidential Material by marking or labeling the medium container with one of the legends specified in subsection 4(a) above. If any person or entity who receives such a designated electronic medium prints or otherwise transfers to another medium any of the information contained on the electronic medium, any resulting document or other

medium shall be marked by that person or entity as Confidential Material in accordance with subsection 4(a), above or this subsection 4(b).

 c. A physical exhibit shall be designated as Confidential Material by affixing to it a label with the legend specified in section 4(a), above.

 d. A discovery response shall be designated as Confidential Material by placing, on the first page of the set of responses and on each page that contains information that the Designating Party claims to be Confidential Material, the legend specified in subsection 4(a), above.

 e. Whenever a deposition involves a disclosure of materials or information that any party asserts should be designated as Confidential Material, the deposition shall be designated in accordance with this Protective Order.  Such designation shall be made at the deposition and/or within 10 days after the Designating Party has received the written copy of the deposition transcript from the court reporter. During the deposition, the Designating Party shall have the right to exclude from attendance all persons other than those permitted to view the information pursuant to the terms of this Protective Order.  Prior to

providing any Confidential Material to a deponent, counsel for the Designating Party shall provide that deponent with a copy of this Protective Order and the deponent shall agree, in writing, to be bound hereunder prior to such disclosure or use. In the event a deponent refuses to agree to be bound by this Protective Order, any Confidential Material used as an exhibit during the deposition and the portions of the transcript containing testimony regarding the Confidential Material shall be maintained separately by the court reporting service and may only be reviewed by that deponent at the court reporting service's office.

*5. Designating and Marking Confidential Material Produced by a Third Party.* Documents produced by a third party may be designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by that third party or by any party within 10 days after that party's receipt of the documents produced by the third party. The party or third party designating the information as Confidential Material shall do so in the manner set forth in subsection 4(a). Until all parties have had possession of documents produced by a third party for a period of 10 days, all parties shall treat all documents produced by a third party as "CONFIDENTIAL" or "CONFIDENTIAL-

ATTORNEYS' EYES ONLY." If the third party does not designate documents as Confidential Material at the time of production, and no party designates documents produced by a third party as Confidential Material within 10 days after receipt of such documents, any party may treat such documents as not subject to the Protective Order, subject to paragraph 6 of this Protective Order.

6. *Inadvertent Failure to Designate or Mis-Designation.* A party or third party that mis-designates or inadvertently fails to designate a document as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall have 20 days after learning of the inadvertent failure or mistake to correct his/her/its failure or mistake. The correction shall be made in writing and shall be accompanied by substitute copies of each document, appropriately marked as Confidential Material in accordance with Section 4. Within five days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked, or incorrectly marked, documents and all copies thereof.

7. *Disclosure of Confidential Materials Marked as "CONFIDENTIAL."* Materials marked as "CONFIDENTIAL" shall

not be disclosed by any person who has received such Confidential Material through discovery in this action to any other person except to:

(i) Attorneys for the parties and in-house counsel and their respective associates, paralegals, clerks, secretaries and employees involved in the conduct of this litigation.

(ii) The parties and their respective past and present officers, directors, and employees as counsel deems necessary for the conduct of the litigation.

(iii) Court reporters, videographers, and similar personnel involved in the recording of deposition or trial testimony, provided further that Confidential Material filed with the Court shall be requested to be sealed subject to release only by order of the Court or agreement of counsel.

(iv) Any Court-appointed Discovery Referee and his or her support staff.

(v) Witnesses in depositions who may be asked to testify concerning any of the documents containing Confidential Material, provided that any such questioning in deposition must be conducted

during a confidential portion of the deposition, which will be bound separately.

(vi) Outside experts and consultants retained by a party for the purpose of offering an opinion or assisting as a retained consultant in this litigation, and their respective clerks and employees involved in assisting them in this litigation, to the extent deemed necessary by counsel provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of State Farm, meaning an entity that provides automobile no-fault and/or personal injury protection insurance to Michigan residents.

(vii) Any person who was involved in the preparation of the Confidential Material or who lawfully received or reviewed the Confidential Material prior to the commencement of this action or to whom the Confidential Material had previously been made readily available.

(viii) Any other person with the prior written consent of the Designating Party or pursuant to an order of the Court.

***8. Disclosure of Confidential Material marked as "CONFIDENTIAL-ATTORNEYS' EYES ONLY."*** Material

designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be disclosed only to those persons and entities identified in subsections (i) and (iii) through (viii) in Paragraph 7 above, provided that such persons and/or entities are not the parties, or current employees of the parties who are not attorneys involved in the conduct of this litigation.

9. *Affidavit Requirement re Disclosure of Confidential Material.* Prior to providing any Confidential Material to any person identified in subsections (v) through (viii) in Paragraph 7 above, counsel of record shall provide such person with a copy of this Protective Order and such person must agree, in writing, to be bound hereunder prior to such disclosure or use by executing the Affidavit attached hereto as Exhibit 1. Counsel of record for the party that provides any Confidential Material to any person identified in subsections (v) through (viii) of Paragraph 7 above shall retain custody of the original executed Affidavit signed by such person, and shall provide a copy of the executed Affidavit to counsel of record for the opposing party within seven (7) days after receipt of the executed Affidavit.

10. *Use of Confidential Material by Designating Party.* Nothing in this Protective Order limits a party's or third party's ability

to show documents which that party has designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to whomever the Designating Party may deem appropriate subject to the terms of the designation.

*11. Protecting Confidential Materials.* Each person who receives any Confidential Material shall exercise due and proper care, in connection with the storage, custody, use, and dissemination of such documents, to avoid any accidental or inadvertent disclosure to persons to whom disclosure is not permitted under this Protective Order.

*12. Challenging Designation of Confidential Material.* Any party may file a motion for an order that (a) certain Confidential Material designated as "CONFIDENTIAL" is not, in fact, confidential, proprietary or trade secret information, and/or (b) that certain Confidential Material designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" does not, in fact, contain information that is so sensitive that disclosure of such information to employees of other parties who are not attorneys involved in the conduct of this litigation could negatively impact the business or competitiveness of the Designating Party. On such a motion, the party asserting confidentiality shall have

the burden of proving that the Confidential Material in question is protectable and properly designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY." A party shall not be obligated to challenge the propriety of a designation of Confidential Material at the time made, and failure to do so shall not preclude subsequent challenge. A party may challenge the other party's designation of documents produced herein as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by serving a written objection upon the Designating Party. The Designating Party shall notify the challenging party in writing of the bases for the asserted designation within ten (10) days after receiving any written objection. The parties shall conduct a good faith meet and confer as to the validity of the designation within 10 days after the challenging party has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate motion. Until such time as the court renders a decision on such dispute, the disputed documents shall be treated as Confidential Material.

13. ***Submitting Confidential Materials to the Court or Discovery Referee.*** All Confidential Material or pleadings revealing the contents of Confidential Material provided to the Court or Discovery Referee or filed with the Clerk of the Court in this action shall be filed in accordance with the applicable provisions of the Local Rules for the United States for the Eastern District of Michigan including, without limitation, Local Rule 5.3.

14. ***Preservation of Designation of Confidential Material at Hearing or Trial*** At any hearing or trial relating to this matter, subject to the rules of evidence and any Order of this Court, any party moving for the admission of Confidential Material shall take all reasonable steps to maintain the confidential designation in accordance with the applicable provisions of the Local Rules for the United States for the Eastern District of Michigan including, without limitation, Local Rule 5.3, at the time of admission. The parties may request that attendance at those portions of the trial or any hearing held regarding the admissibility of said Confidential Material be restricted to court personnel and persons authorized to receive disclosure by this Protective Order.

**15. *Improper Disclosure of Confidential Materials.*** In the event of any accidental or inadvertent disclosure of Confidential Material other than in a manner authorized by this Protective Order, counsel shall immediately notify counsel for the Designating Party and shall make all reasonable efforts to recover all such Confidential Materials. Compliance with the foregoing shall not prevent the Designating Party from seeking further relief from the court.

**16. *Information Protected by Privilege, Work Product, or Other Doctrine.*** This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information without involving the Court unnecessarily in the process. Nothing in this Protective Order, or the producing of any documents under the terms of this Protective Order, or any proceedings pursuant to this Protective Order, shall be deemed to have the effect of an admission or waiver of any privilege or work product or similar protection by any party, or altering the confidentiality or non-confidentiality of any such documents, or altering any existing obligation of any party or the absence thereof.

**17. *No Waiver.*** Nothing in this Protective Order shall affect or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court pertaining to Confidential Material. Any objections as to the admissibility or authenticity of evidence containing Confidential Material are reserved and are not waived by any terms of this Protective Order.

**18. *Return of Confidential Material.*** Upon termination of this case and the expiration of any rights of appeal, and upon request by the Designating Party, counsel for the other parties shall, within thirty (30) days, assemble and return to the Designating Party all originals of material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by the Designating Party, and destroy all copies of the same, electronic or otherwise, and will certify in writing that all such Confidential Material and copies have been returned or destroyed. This paragraph does not apply to any Confidential Material designated "CONFIDENTIAL" and contained in State Farm's ECS system, which State Farm will maintain and/or destroy pursuant to any

applicable regulatory requirements, its own internal retention requirements and its privacy policy.

19. **_Violations of Protective Order._** Any person violating this Protective Order may be subject to appropriate sanctions imposed by the Court. Should any party violate the terms of this Order, and should legal action be necessary as a result, the prevailing party may recover reasonable costs and attorney's fees.

/ / /

/ / /

/ / /

/ / /

20. **_Effective After Termination of Lawsuit._** The terms of this Protective Order shall survive, and remain in full force and effect, after termination of this lawsuit.

IT IS SO ORDERED.

Dated: July 9, 2015             s/Judith E. Levy
Ann Arbor, Michigan       JUDITH E. LEVY
                                       United States District Judge

# AFFIDAVIT

STATE OF _____  )
                     )
COUNTY OF _____

**AFFIDAVIT OF** _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1. I have read the Stipulated Confidentiality and Protective Order attached hereto and I understand its terms and meanings.

2. I agree that my signature below submits me to the jurisdiction of the United States District Court for the Eastern District of Michigan in which the action of *University Neurosurgical Associates, P.C., et al. v. State Farm Mutual Automobile Insurance Company*, Case No. 5:14-cv-10719, is pending, and binds me to the provisions of the Stipulated Confidentiality and Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

**FURTHER AFFIANT SAYETH NOT:**

This \_\_\_\_\_ day of _____, 201\_\_.

Signature:_____

SUBSCRIBED AND SWORN to before me this \_\_\_ day of\_\_\_\_\_,\_\_\_.
_____

_____
Notary Public

My Commission Expires:

_____